DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HUNTER THOMAS BOESCH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-90

[July 19, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Saint Lucie County; William L. Roby, Judge; L.T. Case No. 562017CF000787A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for first degree felony murder, attempted robbery, attempted burglary of a dwelling, and conspiracy to commit robbery/burglary. He argues section 775.082(1)(a), Florida Statutes (2016), is unconstitutional as applied to him. He also argues, and the State agrees, the trial court erred in imposing a $25 investigative cost. We affirm his sentence but reverse the $25 investigative cost.

The charges arose from an attempt to rob a local drug dealer. During the incident, a person was shot and killed. The jury found the defendant guilty on four charges.

On the first-degree felony murder charge, the trial court sentenced the defendant to life in prison without parole. The defendant received a concurrent sentence of five years' prison for counts two and three, and

fifteen years' concurrent on count four. The trial court imposed a $25 investigative cost.[1]

On appeal, the defendant maintains his sentence under section 775.082 is unconstitutional as applied. He also continues to dispute the $25 investigative cost.

It is well established mandatory life without parole for persons under eighteen violates the Eighth Amendment's prohibition on cruel and unusual punishment. *E.g., Roper v. Simmons*, 543 U.S. 551, 569 (2005) (discussing mental deficiencies in juveniles justifying ban on mandatory life sentences); Amend VIII, U.S. Const. But here, the defendant wants that rule to apply even though he was nineteen when the crimes were committed. Relying on *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012), he argues persons between the ages of 18 and 21 should be afforded the same protection against life sentences because their minds, like those of persons under eighteen, have not fully developed. *Graham* and *Miller* have not extended their protection beyond the age of eighteen.

The U.S. Supreme Court has drawn a bright line on this issue. "The age of 18 is the point where society draws the line for many purposes between childhood and adulthood." *Roper*, 543 U.S. at 574. The defendant had crossed that age line when these crimes, including a homicide, were committed. Thus, he is not entitled to the protection of *Graham* and *Miller*. For these reasons, we affirm his conviction and sentence.

The defendant correctly argues however the trial court erred in imposing $25 for investigative costs. Before a trial court can impose investigative costs, the defendant must be convicted of a crime and the investigative agency must request them. § 938.27(1), Fla. Stat. (2016). Here, although the defendant was convicted of a crime, the investigative agency did not request investigative costs. We therefore reverse the trial court's imposition of the $25 investigative cost and remand the case to the trial court to strike it.

*Affirmed in part; reversed and remanded in part.*

---

[1] The defendant filed a motion to correct sentencing error, pursuant to Rule 3.800(b)(2), Florida Rule of Criminal Procedure, because the cost was imposed without a request from the investigative agency. The motion was not ruled on within the sixty-day time frame and was deemed denied.

CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***